**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

BRENT RUSTIN,                                    )
                                                 )
                  Plaintiff,                     )
                                                 )        Case No. 25-cv-166-RAW-DES
v.                                               )
                                                 )
STATE FARM FIRE AND                              )
CASUALTY COMPANY, JAMES MCGILL,                  )
and JAMES MCGILL INSURANCE AGENCY,               )
                                                 )
                  Defendants.                    )

<u>**REPORT AND RECOMMENDATION**</u>

This matter comes before the Court on Plaintiff, Brent Rustin's, Motion to Remand Case to the District Court of Pontotoc County, Oklahoma (Docket No. 20). On May 19, 2025, Defendant, State Farm Fire and Casualty Company ("State Farm") filed a Notice of Removal from Pontotoc County District Court based on 28 U.S.C. § 1332, diversity jurisdiction. (Docket No. 2). Plaintiff now seeks to have the case remanded to state court for lack of diversity jurisdiction. On June 10, 2025, United States District Judge Ronald A. White referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. (Docket No. 18).  For the reasons set forth below, the undersigned Magistrate Judge RECOMMENDS Plaintiff's Motion to Remand be GRANTED.

**I.    Background**

On March 14, 2024, a wind and hailstorm severely damaged the residence listed on Rustin's State Farm policy. (Docket No. 20 at 8). Widespread 2-to-4-inch hail passed through Ada, including baseball sized spiked hail in the zip code of this residence. *Id.* The roof was totaled, and Plaintiff was entitled to over $10,000 in insurance benefits for the hail damage. *Id.* However, at the time the policy was sold, as was known or should have been known by Defendant James McGill

1

and James McGill Insurance Agency, ("the McGill Defendants"), State Farm never intended to total Plaintiff's roof and pay for hail damage per the policy provisions due to the age of the roof. *Id.* at 9. In fact, although the roof was totaled by hail, State Farm paid absolutely nothing. *Id.* Plaintiff alleges the McGill Defendants were aware, or should have been aware, when selling the policy that State Farm would not adhere to the terms of the policy, and the coverage would not be applied as the McGill Defendants represented they would. *Id.*

Plaintiff filed his action in the District Court of Pontotoc County, Oklahoma, on March 11, 2025. (Docket No. 2-2). In his Petition, Plaintiff asserts a claim for breach of contract and bad faith against State Farm, along with negligence and deceit against the McGill Defendants. *Id.* at 4-9. On May 19, 2025, State Farm removed this action based on diversity jurisdiction because Plaintiff is a resident of the State of Oklahoma and it is a foreign insurance company incorporated in and with its principal place of business in the State of Illinois. *Id.* at 2. State Farm alleged that the McGill Defendants operate as McGill Agency, a sole proprietorship, but is not registered with the Oklahoma Secretary of State and therefore is not a proper party to the lawsuit. *Id.* at 3. State Farm further asserts that Plaintiff fraudulently joined the McGill Defendants to defeat diversity jurisdiction as there is no possibility that Plaintiff can prove his claims of negligence or fraud/deceit against them. *Id.* at 3-8. Plaintiff now moves to remand this case to state court, asserting there is no diversity jurisdiction.

## II.   Analysis

Federal courts are courts of limited jurisdiction, with subject matter jurisdiction only over matters authorized by the U.S. Constitution or by Congress. *See* U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1332(a), diversity jurisdiction generally requires complete diversity of parties (where claims are between

citizens of different states) and an amount in controversy that "exceeds the sum or value of $75,000, exclusive of interest and costs." *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-1095 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *United States ex rel. King v. Hillcrest Health Ctr.*, 264 F.3d 1271, 1280 (10th Cir. 2001)). "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see also McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 182 (1936). "[A]ll doubts are to be resolved against removal." *Fajen v. Found Reserve Ins. Co.*, 683 F.2d 332, 333 (10th Cir. 1982). "With respect to the consideration of evidence, a removing defendant who pleads fraudulent joinder must support [its] claim with clear and convincing evidence." *Castens v. Conseco Life Ins. Co.*, 2012 WL 610001, at *2 (N.D. Okla. Feb. 24, 2012) (citing *Mitchell v. Ford Motor Co.*, 2005 WL 1567069, at *3 (W.D. Okla. July 5, 2005)).

State Farm removed this action to federal court based on diversity jurisdiction. (Docket No. 2.) It is clear from the Petition and the Notice of Removal, however, that the parties are not completely diverse as required by 28 U.S.C. § 1441(b)(2). (See Docket No. 2-2). State Farm argues that diversity exists because the McGill Defendants are improperly joined because there is no reasonable basis to believe the Plaintiff might succeed in his claim against them. (Docket No. 2 at 3-8).  A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

3

"To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Miller v. Jackson*, 2016 WL 1464558, at * 1 (E.D. Okla. April 4, 2016) (quoting *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (citation and internal brackets omitted)). State Farm asserts the McGill Defendants were fraudulently joined under the second prong. (Docket No. 2 at 3-8).  In *Montano v. Allstate Indemnity*, the court held that the party alleging fraudulent joinder must prove the plaintiff "ha[s] <u>no possibility</u> of recovery" against the nondiverse defendant. 2000 WL 525592, at *4 (10th Cir. Apr. 14, 2000) (emphasis added). The *Montano* court explained that:

> This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action commenced. "A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."

*Id.* at *5–6 (citation omitted) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851–53 (3d Cir. 1992)). Any uncertainty regarding the viability of the claims asserted against the nondiverse party—including "disputed questions of fact" and "ambiguities in the controlling law"—must be resolved in favor of remand. *Montano*, 2000 WL 525592, at *2 (internal quotation marks omitted); *accord Dutcher*, 733 F.3d at 988 (discussing the removing party's "heavy burden").

When a defendant raises specific allegations of fraudulent joinder, the Court may pierce the pleadings to evaluate the defendant's argument. *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F. 2d 879, 881-82 (10th Cir. 1967); *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). However, "[t]his does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary

4

determination and be proven with complete certainty." *Smoot*, 378 F.2d at 882; *Miller*, 2016 WL 1464558, at * 1.

Here, Plaintiff argues he has stated a valid claim for negligence and deceit against the McGill Defendants for their failure to procure the policy Plaintiff requested and in representing that the policy would contain hail coverage that would allow for replacement or total of Plaintiff's roof, knowing that such coverage would be denied on the basis the roof was purportedly too old for such coverage. (Docket No. 20 at 20). Furthermore, he argues the McGill Defendants induced the "Plaintiff to purchase the policy with knowledge that State Farm had implemented a scheme[1] to avoid paying hail claims and they would not be providing the replacement coverage as represented." *Id.*

Under Oklahoma law, "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey v. Silvey Companies*, 979 P.2d 266, 269 (Okla. Civ. App. 1999). This duty rests, in part, on "specialized knowledge [about] the terms and conditions of insurance policies generally." *Rotan v. Farmers Ins. Group of Cos.*, 83 P.3d 894, 895 (Okla. Civ. App. 2003) (citing *Swickey*, 979 P.2d at 269). "To discharge their duty to act in good faith and use reasonable care, skill, and diligence in the procurement of insurance, including use of their specialized knowledge about the terms and conditions of insurance policies, insurance agents need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds, and this duty is not expanded by general requests for 'full coverage' or 'adequate protection.'" *Id*. Under the negligent procurement claim,

---

[1] Plaintiff alleges State Farm has a "hail claim focus scheme" wherein adjusters were told to deny roof replacement claims asserting wear and tear or age, even where photographs of the roof directly matched photographs of hail damage in a brochure advising what hail damage looks like and how it should be identified. (Docket No. 20 at 8).

the McGill Defendants could be liable to Plaintiff for failure to provide "the coverage for needs that are disclosed by the insureds" *Rotan*, 83 P.3d at 895. Here, Plaintiff claims that he "did not get the policy or coverage he was specifically promised" and that "the McGill Defendants misrepresented or withheld information on the policy Plaintiffs would receive, the coverages, how the policy would work in the event of a loss, and/or the condition of Plaintiffs' property and roof." (Docket No. 20 at 29).

Oklahoma courts have found valid claims for negligent procurement against insurance agents. *See, e.g., Sang v. Smith*, No. 19-CV-00686-GKF-FHM, 2020 WL 6472683, at *4 (N.D. Okla. May 19, 2020) (holding that an agent who "independently established, calculated, and set the replacement cost policy limits" may be held liable for negligent procurement, even when the agent provided a policy); *Johnson v. State Farm Fire & Cas. Co.*, Case No. CIV-14-1101-M, 2015 WL 13573968 (W.D. Okla. Mar. 9, 2015) (finding a valid claim for negligent procurement of replacement cost policy); *Mayer v. Horace Mann Ins. Co.*, No. CIV-14-1381-C, 2015 WL 1650271 (W.D. Okla. Apr. 13, 2015) (accord); *Asbury v. N. Star Mut. Ins. Co.*, No. CIV-14-1331-HE, 2015 WL 588607, at *2 (W.D. Okla. Feb. 11, 2015) (agreeing with plaintiffs that "an agent may be held accountable for failing to answer an insured's coverage questions accurately" and providing inaccurate replacement cost coverage); *Castens v. Conseco Life Ins. Co.*, No. 11-CV-628-TCK-FHM, 2012 WL 610001, at *2 (N.D. Okla. Feb. 24, 2012) (finding the Oklahoma Supreme Court had "never pronounced any rule that an insurance agent's negligence is actionable only if it results in non-procurement of the policy"; rather, the agent must "exercise reasonable skill and care in performing its tasks"); *Maryland Cas. Co. v. Allen Cmty. Pharm.*, No. CIV-14-839-c, 2015 WL 4067862, at *3 (W.D. Okla. July 2, 2015) (holding *Cosper v. Farmers Ins. Co.*, 309 P.3d 147 (Okla. Civ. App. 2013) did not negate claims that the agent failed to procure the policy as

6

requested; there is no case law showing that renewal of policy alone is sufficient to defeat a claim of negligent procurement); *Schlanger Ins. Trust v. John Hancock Life Ins. (U.S.A., Inc.),* Case No. 10-CV-576-TCK-TLW, 897 F. Supp. 2d 1109, at *8 (N.D. Okla. Sept. 20, 2012) (question of fact existed and plaintiff had a valid cause of action where it alleged the agent failed to properly advise as to "the overall nature of the policy or how to maximize its value and duration").

State Farm argues that "Plaintiff's real issue is with State Farm's claim decision" rather than issues with the McGill Defendant's representations because "both Plaintiff's Policy and the face of his Complaint make clear that Plaintiff received exactly what he requested—a policy with coverage for wind and/or hail loss." (Docket No. 25 at 15). However, what Plaintiff is actually arguing in both his Complaint and Motion to Remand is that "[t]he McGill Defendants knew or should have known that due to the age of Plaintiff's roof, the policy they were selling him would not provide the hail coverage he had requested and which they represented would exist." (Docket No. 26 at 2). Plaintiff alleges "Agent McGill and the Agency advised Plaintiff he would be covered in the event of wind and/or hail loss on his roof, misleading him by failing to disclose the internal Scheme at State Farm." (Docket No. 2-2 at 9). Despite State Farm's allegation that Plaintiff received the policy he requested, (Docket No. 25 at 15), taking Plaintiff's well plead allegations as true that the McGill Defendants advised Plaintiff he would be covered in the event of wind and/or hail loss to his roof despite knowing that State Farm had a "Scheme" to deny or reduce payments on valid claims, the undersigned Magistrate Judge finds that Plaintiff has sufficiently plead negligence and deceit against the McGill Defendants for their failure to procure the policy Plaintiff requested. This is a cognizable claim under Oklahoma Law and Plaintiff has sufficiently alleged his claims against the McGill Defendants. Accordingly, the undersigned Magistrate Judge recommends Plaintiff's Motion to Remand be GRANTED.

7

In his Motion for Remand, Plaintiff requests an award for attorney's fees, should the Court find that Remand is appropriate. (Docket No. 20 at 31). "In deciding whether to award costs under [28 U.S.C.] § 1447(c), the key factor is the propriety of defendant's removal. The district court does not have to find that the state court action has been removed in bad faith as a prerequisite to awarding attorney fees and costs under § 1447(c)." *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1146 (10th Cir. 2004), *aff'd*, 546 U.S. 132 (2005) (citations omitted). Under 28 U.S.C. § 1447(c), "if a defendant's removal could be fairly supported by the law at the time, even if later deemed incorrect, a district court's discretionary decision not to award fees is appropriate." *Id*. Given the complex and nuanced nature of the law in the relevant area of an insurance agent's duty to policy holders and whether the insureds are obligated to read the policy, the undersigned Magistrate Judge does not find that State Farm's arguments as to fraudulent joinder were unfounded. Although the undersigned Magistrate Judge finds that State Farm has not shown Plaintiff's claim against the McGill Defendants is not possible, it is far from clear whether Plaintiff's claim against the McGill Defendants will survive as a matter of law. Thus, the undersigned Magistrate Judge recommends that Plaintiff's request for attorney's fees be denied.

## III.    Conclusion

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Plaintiff's Motion to Remand (Docket No. 20) should be GRANTED for lack of subject matter jurisdiction as there is no diversity. The undersigned Magistrate Judge further recommends the case be remanded to the District Court of Pontotoc County, in the State of Oklahoma. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

DATED this 8th day of April, 2026.

_____

D. Edward Snow
United States Magistrate Judge